**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANDREW F. COMBS,                  :    Civ. Action No. 05-5904(NLH)
                                  :
        Plaintiff,                :
                                  :
    v.                            :    **OPINION**
                                  :
BOROUGH OF AVALON,                :
AVALON POLICE DEPARTMENT,         :
and OFFICER WILLIAM MCDEVITT,     :
                                  :
        Defendants.               :

**APPEARANCES:**

Heidi Van Steenburgh, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

        *Attorney for Plaintiff*

Joseph M. Scott, Esquire
A. Michael Barker, Esquire
Barker, Douglass & Scott, PC
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221

        *Attorneys for Defendants*


**HILLMAN**, District Judge

        Presently before the Court is Defendants' motion to dismiss certain constitutional and state law claims of Plaintiff.  For the reasons expressed below, Defendants' motion will be granted in part and denied in part.

<u>**BACKGROUND**</u>

        On May 29, 2005, Plaintiff, Andrew Combs, attempted to gain

entry to the Princeton Bar in Avalon, New Jersey.  Defendant
Officer William McDevitt, an employee of Defendant Borough of
Avalon Police Department, examined Plaintiff's Pennsylvania
driver's license to determine whether Plaintiff was the required
twenty-one years of age to enter the bar.  Plaintiff's driver's
license listed his birth date as May 14, 1984, thus indicating
that Plaintiff was twenty-one years old.  Officer McDevitt,
however, concluded that Plaintiff's license was fake.

     According to Plaintiff's Complaint, "[w]ithout probable
cause, justification, or provocation," Officer McDevitt
"detained, questioned and accused plaintiff of producing false
identification," and "unlawfully restrained and confined"
Plaintiff "for a period of time without probable cause and did
not allow his entrance into the Princeton."  (Compl. ¶ 10.)
Officer McDevitt confiscated Plaintiff's driver's license and
issued a Summons and Complaint to Plaintiff alleging that
Plaintiff "committed the offense of misstating his age to gain
entrance to the Princeton under N.J.S.A. 11:4-2."  (Id. ¶ 11.)
Plaintiff pleaded not guilty to the Summons and Complaint, and on
August 8, 2005, appeared at the Municipal Court of Avalon.  Prior
to the hearing, the State of New Jersey dropped the charges
against Plaintiff because Plaintiff was twenty-one years of age
at the time the Summons and Complaint were issued and he did not
produce false identification.

Plaintiff filed a Complaint against Officer McDevitt, the Borough of Avalon Police Department, and the Borough of Avalon, claiming that his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments were violated.  Plaintiff also claims that Defendants committed violations of New Jersey state law of false arrest, unlawful restraint and/or confinement, and false imprisonment.

Defendants have moved to dismiss Plaintiff's First, Fifth, Eighth, and Fourteenth Amendment claims, as well as Plaintiff's state law claims, claims against the Avalon Police Department, Officer McDevitt, and his claim for punitive damages.[1]  Plaintiff concedes that his state law claims and First, Fifth and Eighth Amendment claims should be dismissed.  Plaintiff also concedes that all claims against the Defendant Avalon Police Department should be dismissed.  Plaintiff disputes, however, Defendants' contention that his Fourteenth Amendment claim, his claims against Officer McDevitt, and his punitive damages claim should be dismissed.

**DISCUSSION**

**A.   Standard for a Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to

_____

[1]Defendants have not moved to dismiss Plaintiff's Fourth Amendment claims to the extent that those claims remain solely against the Borough of Avalon.

3

Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).  A court may not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (citations omitted).  The defendant bears the burden of showing that no claim has been presented.  <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B.   Plaintiff's Fourteenth Amendment Claim**

Plaintiff claims that his Fourteenth Amendment right to due process and equal protection was violated when Officer McDevitt detained him, seized his identification, and issued him a citation without cause.  There are three types of protections provided by the Fourteenth Amendment: substantive due process, procedural due process, and equal protection under the law. Plaintiff has not stated a claim for a violation of his substantive due process rights or his rights under the Equal Protection Clause.  Plaintiff's claim for a violation of his procedural due process rights raises an issue not addressed by the parties.

4

First, a claim for a violation of Plaintiff's substantive due process protection fails because substantive due process protection has "for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 272 (1994). None of those matters are at issue here.  More specifically, there is no substantive due process right in being free from prosecution without probable cause, and "substantive due process may not furnish the constitutional peg on which to hang such a 'tort.'"  Id. at 268, 270 n.4.  Further, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  Id. at 273; see also County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)) ("'[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'").  Because Plaintiff has asserted a claim for a violation of his Fourth Amendment rights for Defendants' conduct, Plaintiff cannot state a claim for a violation of his substantive

5

due process rights for the same alleged conduct.

Plaintiff's claim for a violation of the Equal Protection
Clause is similarly unavailing.  In order to state a claim under
the Equal Protection Clause, Plaintiff must claim that absent a
rational basis for doing otherwise, he was treated differently
than similarly situated persons.  Village of Willowbrook v.
Olech, 528 U.S. 562, 564 (2000); see also Vacco v. Quill, 521
U.S. 793, 799 (1997) (explaining that the Equal Protection
Clause, which "commands that no State shall 'deny to any person
within its jurisdiction the equal protection of the laws,'" does
not create any substantive rights, and "[i]nstead, . . . embodies
a general rule that States must treat like cases alike but may
treat unlike cases accordingly." . . . "If a legislative
classification or distinction neither burdens a fundamental right
nor targets a suspect class, we will uphold [it] so long as it
bears a rational relation to some legitimate end" (citations
omitted)).  Plaintiff has not made such a claim in his Complaint,
and therefore, has no basis for any allegation that Defendants
violated his right to equal protection under the Fourteenth
Amendment.

Finally, Plaintiff's claim that his procedural due process
rights were violated raises an issue not addressed by the
parties.  The Due Process Clause provides that no state shall

"deprive any person of life, liberty, or property, without due process of law."  "For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.'  It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'"  Fuentes v. Shevin, 407 U.S. 67, 80 (1972).  To establish a claim for violation of procedural due process, a plaintiff must demonstrate (1) that he had a legally protected property interest, and (2) that the state deprived him of that interest without due process of law.  Taylor Inv., Ltd. v. Upper Darby Township, 983 F.2d 1285, 1293 (3d Cir. 1993).

In his opposition brief, Plaintiff explains that he is claiming that "there was an insufficient amount of due process afforded to Plaintiff before his license was confiscated and he was issued a citation."  (Pl. Br. at 4.)  Plaintiff does not explain what due process he should have been afforded, but it appears that he is contending that he should have been afforded "notice" and an "opportunity to be heard" prior to the physical taking of his driver's license, in which he has a legally

7

protected interest.[2]

This presents a novel issue.  This is not a case where Plaintiff's driving privileges were suspended without a hearing. The Supreme Court determined more than thirty years ago that a state-licensed privilege to drive is a protected property interest that cannot be taken away without the procedural due process required by the Fourteenth Amendment.  See Bell v. Burson, 402 U.S. 535, 539 (1971).  Rather, when Officer McDevitt confiscated Plaintiff's driver's license, Plaintiff retained his driving privileges, but he no longer had possession of the physical document which confirmed those privileges.  Thus, this case presents the question of whether Plaintiff has a protected property interest in the physical documentation of his license to drive and whether his due process rights were violated when Officer McDevitt confiscated that document.[3]

_____

[2]If Plaintiff is claiming that he should have been entitled to a hearing prior to the issuance of the citation, that claim is unsupportable.  The citation issued to Plaintiff was his "notice," and the August 8, 2005 hearing was his "opportunity to be heard."  Plaintiff does not contend that his notice and hearing were not granted at a meaningful time and in a meaningful manner.

[3]Based on Plaintiff's Complaint, the Court assumes that Officer McDevitt did not return Plaintiff's driver's license to him that evening.  The Complaint does not explain how long Plaintiff was without his driver's license document--it is unclear whether Plaintiff was without his document until his August 8, 2005 hearing date, whether he obtained a duplicate copy prior to the hearing, or some other scenario.  Whether

The Court, in a preliminary search, has not found any case addressing this precise issue, and the parties do not address it in their briefs.  In order to determine whether Plaintiff has stated a claim for a procedural due process violation, however, it must be determined whether, in a situation such as the one presented here, the physical confiscation of a person's driver's license violates that person's Fourteenth Amendment right to due process.  Consequently, the Court will deny Defendants' motion to dismiss this particular claim, and afford the parties the opportunity to brief this precise issue.  Following the submission of the parties' supplemental briefing, Defendants may renew their motion to dismiss if they so desire.

### C.   Plaintiff's claims for punitive damages and against Officer McDevitt

Defendants argue that Plaintiff's claims against Officer McDevitt should be dismissed because Plaintiff has only asserted claims against Officer McDevitt in his official capacity, and as such, the allegations are actually against Defendant Borough of Avalon.  Correspondingly, Defendants argue that because Plaintiff has not sued Officer McDevitt in his individual capacity, and because punitive damages are unavailable against municipalities

---

Plaintiff's license was returned to him, and how long he was without it prior to it being returned, may be relevant to the procedural due process issue.

or state actors sued in their official capacities, Plaintiff's
claim for punitive damages must also be dismissed.

Plaintiff argues that the claims against McDevitt should not
be dismissed because a review of the Complaint shows that he was
sued in his individual capacity, as evidenced by Plaintiff's
claim for punitive damages, which Plaintiff concedes is
unavailable in official capacity suits or in claims against
municipalities.  Plaintiff also argues that because the "defense
of immunity" was raised in Defendants' Answer, "[t]his suggests
that Defendants interpreted Plaintiff's actions as having been
filed against him personally."  (Pl.'s Opp. at 5.)

In order to determine whether a plaintiff has sued a state
actor in an official or individual capacity, in contrast to some
jurisdictions that require the complaint to explicitly identify
the capacity in which a defendant is being sued, the Third
Circuit has adopted a "more flexible approach," instructing
courts to carefully examine the nature of the relief sought in
the complaint and the parties' conduct throughout the "course of
the proceedings."  See Melo v. Hafer, 912 F.2d 628, 636 (3d Cir.
1990).  The Third Circuit explained that in Melo,

> We applied the "course of pleadings" test to ascertain
> whether a government official was sued in her personal
> or official capacity.  We determined that the
> plaintiffs meant to sue the official in her personal
> capacity for two reasons.  First, the complaints only
> listed the official, not the State, as a defendant and

10

> thus the plaintiffs manifested that they only sought to
> recover from the official, not the State.  Second, the
> official asserted the qualified immunity defense
> throughout the course of the proceedings.  This defense
> is only available when government officials are sued in
> their personal, not official, capacity.  We determined
> that in raising this defense, the official "understood
> that plaintiffs sought to sue her in her personal
> capacity."

Garden State Electrical Inspection Services Inc. v. Levin, 144

Fed. Appx. 247, 251-52 (3d Cir. 2005) (citations omitted)

(discussing Melo).

"The lines marking the boundaries between official and

personal capacity suits have been drawn primarily in the context

of Eleventh Amendment cases." Melo, 912 F.2d at 635.  That is

because the Eleventh Amendment has been interpreted to bar suits

for monetary damages by private parties in federal court against

a state or against state agencies, but not in suits against state

officials in their "personal" capacity, where the plaintiff seeks

recovery from the personal assets of the individual.  Id.  Thus,

in that context, the determination of whether a plaintiff is

suing a state actor in an individual capacity is important

because if he does not, his suit may be barred.

Here, Plaintiff's Complaint explicitly asserts that Officer

McDevitt was acting in his official capacity.  Plaintiff's

Complaint states, "Defendant, Patrolman William McDevitt, is an

individual and at all times material hereto a Police Officer of

defendants, Avalon Police Department, and at all times pertinent hereto acted within the scope of his employment and under color and pretense of the law and in his official capacity as an officer of the Avalon Police Department."

With regard to punitive damages, even though punitive damages are available under a claim brought pursuant to 42 U.S.C. § 1983, Plaintiff's Complaint does not specifically demand punitive damages.  Further, with regard to Plaintiff's requested relief, he does not attribute any damages specifically to Officer McDevitt, but rather against all "Defendants, jointly and severally."

Comparing the case here to Melo cuts both ways.  Unlike the plaintiffs in Melo, Plaintiff filed suit against the officer, the police department, and the municipality, thus manifesting an intent to seek recovery from all three Defendants.  Additionally, in Melo, the plaintiffs were explicit that their monetary claims were asserted against the official in her individual capacity, whereas here, Plaintiff did not specify any damage claims against any Defendant, and nowhere against Officer McDevitt in his individual capacity.  On the other hand, just like the plaintiff in Melo, Defendants asserted an affirmative defense of immunity in their Answer.

It is important to note several issues.  First, neither

Plaintiff nor Defendants discuss <u>Melo</u> or the Third Circuit's test for determining whether a Plaintiff has sued an official in his official or individual capacity.  Second, in contrast to cases which implicate the Eleventh Amendment and leave plaintiffs without any recourse if they had not sued an official in his personal capacity, Plaintiff may maintain a claim against the Borough of Avalon with or without Officer McDevitt as a defendant, albeit without the possibility of punitive damages. Third, Defendants' Answer and affirmative defenses are pleaded "jointly, severally or in the alternative on behalf of the answering defendants," and their twenty-second affirmative defense is, "This defendant asserts that the actions take by this defendant were privileged or subject to immunity or partial immunity and/or authorized by law."  (Ans. at 4, 7.)  Unlike <u>Melo</u>, this does not clearly indicate that Officer McDevitt understood that Plaintiff sought to sue him in his personal capacity.  This is important because "a defendant being sued in his or her personal capacity should be given adequate notice that his or her personal assets are at stake."  <u>Melo</u>, 912 F.2d at 636 n.7.

Finally, even after Defendant raised the issue of dismissing any punitive damages claims and the claims against Officer McDevitt, Plaintiff has not moved to amend his Complaint.

13

The <u>Melo</u> court stated that it is "obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity," but it also admonished that "once plaintiffs explained in the district court that they sued [the official] for damages in her individual capacity, they should have been given leave to amend to so assert with specificity, if there was any remaining ambiguity about that issue."  <u>Id.</u>  Thus, although it could be argued that had Plaintiff wished to sue Office McDevitt in his individual capacity, he could have done so, and it could be argued that had Plaintiff wished to amend his Complaint, he could have sought leave to do so, because Plaintiff has now expressed that he is suing Officer McDevitt in his individual capacity, the Third Circuit directs that Plaintiff must be given leave to amend.

Consequently, Plaintiff will have ten days from the entry of the accompanying Order to file an amended Complaint to explicitly assert claims, not herein dismissed, against Officer McDevitt in his individual capacity.  If Plaintiff fails to do so, because actions against a government employee in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent," <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985), Plaintiff's claims against Office McDevitt will be dismissed, and Plaintiff's claims for punitive damages will also be dismissed.

## CONCLUSION

For the reasons expressed above, Defendants' motion to dismiss will be granted as to Plaintiff's First, Fifth, and Eighth Amendment claims, his state law claims, his claims against the Avalon Police Department, and any claim for punitive damages against the Borough of Avalon.  With regard to Plaintiff's Fourteenth Amendment claims, any claims arising under the Equal Protection Clause and for a violation of Plaintiff's substantive due process rights will be dismissed.  With regard to Plaintiff's claim for a violation of his procedural due process rights, Defendants' motion to dismiss will be denied without prejudice to the right to refile the motion following the submission of supplemental briefing as described above.  With regard to Plaintiff's claims against Officer McDevitt and any claims for punitive damages against him, Plaintiff will have ten days to file an amended Complaint or those claims will be dismissed.   An appropriate Order will be entered.


Dated: February 1, 2007                s/ Noel L. Hillman

At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

15